David Anaise MD JD
177 North Church Avenue Suite 883
Tucson AZ 85701
Phone: 520-882-3622
Arizona State Bar No. 019653
Email: danaise2002@yahoo.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANITA BARAJAS, | ) Case No.: _____ |
| Plaintiff, | ) |
| vs. | ) |
|  | ) COMPLAINT |
| UNIVERSITY PHYSICIANS, INC., | ) |
| CIGNA GROUP INSURANCE, and | ) |
| LIFE INSURANCE COMPANY OF N.A. | ) |
| A CIGNA COMPANY | ) |
|  | ) |
| Defendants. | ) |

For her claim against Defendants, Anita Barajas alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2. Plaintiff, Anita Barajas ("Barajas") is a resident of Pima County, Arizona and a former employee of University Physicians, Inc.

3. Defendant, University Physicians, Inc., ("employer" or "UPI") is the policyholder, plan sponsor and plan administrator of the employee welfare benefit plan providing disability benefits.

4. Defendant, CIGNA Group Insurance, ("CIGNA") has been acting as the claim administrator for the relevant policy of insurance.

- 1 -

5. Defendant, Life Insurance Company of North America, a CIGNA Company, ("Life Insurance") is the underwriter for the relevant policy of insurance.

6. University Physicians Long-Term Disability Plan ("the Plan") is a purported ERISA benefit plan established and maintained by Policyholder for the benefit of its employees. The Plan offered various health and welfare benefits including long-term disability benefits.

7. A copy of the Plan titled "Group Disability Insurance Certificate" is attached hereto as Exhibit "A."

8. The Plan is part of a purported ERISA employee welfare plan, established, funded, and maintained by employer and administered by UPI, Life Insurance, and CIGNA.

9. Life Insurance is a Plan Fiduciary as defined by ERISA.

10. This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. §1132, and because the Plan and Life Insurance have caused events to occur in Arizona out of which Barajas's claims arise.

11. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §1132(a), (e), 28 U.S.C. §1331 (federal question); and 28 U.S.C. §2201-02 (declaratory judgments).

12. Venue is proper in this District by virtue of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391(b).

**GENERAL ALLEGATIONS**

13. Employer provided certain employees with long-term disability insurance pursuant to the Plan.

14. At all relevant times, Barajas was a UPI employee, became a covered individual under the Plan, and remained continuously employed.

15. Barajas qualified for the Long Term Disability Benefits under the Plan.

16. Under the terms of the Plan, Life Insurance promises and becomes obligated to pay covered long-term disability insurance benefits to Barajas for 24 months if, due to sickness or accidental injury she is not able to perform, for wage or profit, the material and substantial duties of her occupation and is under the regular care of a doctor.

17. After 24 months, the Plan promises and becomes obligated to pay covered Long-Term Disability benefits to Barajas, if she is unable to perform any job for which she is reasonably suited based on her education, training or experience; and if she is unable to earn more than 80% of her indexed covered earnings.

18. Prior to becoming disabled, Barajas was an Office Medical Specialist 2.

19. On July 8, 2008, Barajas became disabled and was unable to perform the duties of her occupation as an Administrative Compensation Analyst.

20. Barajas suffers from fibromyalgia and Chronic Fatigue Syndrome ("CFS"), Sjögren's syndrome, and depression with memory loss, which prevent her from being able to perform the material and substantial duties of her regular occupation, or any other occupation for which she is suited based upon her education, training, or experience.

21. Barajas continues to be totally disabled as defined by the Plan.

22. CIGNA originally denied Barajas's claim for long-term disability benefits on behalf of Life Insurance on or about December 24, 2008.

23. Barajas's claim was denied largely because there was no psychological testing on record except from the MMPI, which was administered by a rehabilitation professor.

24. Barajas asked Dr. John Beck, a neuropsychologist, to perform a detailed neuro-psychological evaluation, and his report is dated September 23, 2009.

25. Dr. Beck found that Barajas has cognitive difficulties, which prevent her from performing her duties as a medical specialist.

26. These limitations, combined with her other established physical limitations noted by Drs. Kutob and Sarkar, specifically her difficulties in using the computer, prevent Barajas from returning to her job.

27. Barajas again appealed Life Insurance's denial on October 29, 2009, enclosing Dr. Beck's report.

28. CIGNA issued its final denial on March 2, 2010, attached hereto as Exhibit "B."

29. CIGNA relied on the opinion of Dr. Howard Futerman, a rheumatologist from Dallas, Texas, who had reviewed Barajas's record on December 10, 2009.  In his review, Dr. Futerman listed the documents that had been made available to him, but notably absent was Barajas's appeal letter of October 29, 2009, to which she had attached the neuropsychological evaluation, which had been provided by Dr. John Beck.

30. In the denial, CIGNA affirmed the previous denial of the claim and stated:

> "At this point in time, Mrs. Barajas has exhausted all administrative level of appeal, and no further appeal will be considered.  Please note that you have a right to bring legal action regarding your claim's file under the Employee Retirement Income Security Act of 1974 section 502A."

31. On March 22, 2010, Barajas asked the claim administrator to provide the claim file relevant to the second appeal, specifically the basis for the second denial. She received the additional information on June 11, 2010.

32. On July 2, 2010, Barajas asked CIGNA to provide her appeal letter and Dr. Beck's report to Dr. Futerman for an appropriate review.

33. On August 11, 2010, Dr. Futerman added an addendum that he had received the report of Dr. Beck and supportive document, and stated:

> "I have reviewed the 9-16-09 neuropsychological evaluation report from Dr. Beck PhD.  It is outside my area of expertise as a clinical rheumatologist to comment on neuropsychological testing and any potential impairments suggested by such.  This commentary would best be provided by a mental health practitioner familiar with the detailed interpretation of this testing."

34. On September 27, 2010, Barajas demanded that CIGNA send the record to a mental health practitioner.  CIGNA ignored Barajas's request.

35. The Plan states:

> "The Insurance Company has 60 days from the date it receives your request to review your claim and notify of decision (45 days, in the case of any claim for disability benefits).  Under special circumstances, the Insurance Company may require more time to review your claim.  If this should happen, the Insurance Company must notify you, in writing, that its review period has been extended for an additional 60 days (45 days in the case of any claim for disability benefits).  Once its review is complete, the Insurance Company must notify you, in writing, of the results of the review and indicate the Plan provisions upon which it based its decision."

36. CIGNA, by failing to respond to Barajas's September 27, 2010 request, violated its own policy and thus rendered further administrative actions futile.

37. CIGNA's denial was erroneous, contrary to and in breach of the terms of coverage, and was based on erroneous information and false assumptions.  The denial was based upon an incomplete, biased record, directed, and steered by CIGNA's own claims process,

without basis in objective research, fact, or analysis.  CIGNA placed its financial interests ahead of Barajas's interests.

38. Barajas has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

39. On information and belief, Barajas may be entitled to additional benefits from University Physicians as a disabled employee including, but not limited to, health insurance, life insurance, and retirement/pension credits.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

40. Barajas incorporates and re-alleges all previous allegations.

41. The Plan is an Employee Welfare Benefit Plan as defined in ERISA, 29 5 U.S.C. § 1002. Defendants are administrators and fiduciaries of said Plan under the provisions of ERISA.

42. Life Insurance and the Plan offer long-term disability coverage and a promise to provide long-term disability benefits until, Barajas is no longer disabled under the terms of the Plan.

43. Barajas became disabled on July 8, 2008, continues to be disabled, is unable to perform the duties of her occupation or any other gainful occupation under the terms of the LTD Plan, and has claimed the benefits under the LTD Plan to which she is entitled.

44. Barajas reasonably expected that her conditions met the requirements of Total Disability as defined by the LTD Plan.

45. Despite the coverage of Barajas's long-term disability, CIGNA has improperly denied long-term disability benefits to Barajas in breach of the Plan. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and was clearly erroneous.

46. CIGNA's determination that Barajas was not entitled to benefits was influenced by an improper conflict of interest.

47. Barajas has exhausted her administrative remedies.

48. The validity of a claim to benefits under an ERISA plan is reviewed under a de novo standard, unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. If the Plan gives the administrator or fiduciary this discretionary authority, the courts review a denial of benefits for abuse of discretion.

49. A fiduciary's "conflict of interest" is a "factor in determining whether there is an abuse of discretion." *Saffon v. Wells Fargo & Company Long Term Disability Plan*, 522 F.3d 863, 870 (9th Cir.2008) (quoting *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)) (quoting Restatement (Second) of Trusts § 187 cmt. d (1959)).

50. Consequently, where the Plan grants the plan administrator discretionary authority, it is only the first step in determining the standard by which the Court review its denial of benefits." *Id.* The degree of deference to accord varies significantly, depending on whether or not the plan administrator labored under a conflict of interest. *Id.*

51. The Ninth Circuit recognizes that there is an "inherent conflict that exists when a plan administrator both administers the plan and funds it." *Id.* (citing *Abatie v. Alta Health &*

*Life Insurance Co.*, 458 F.3d 955, 966-67 (9th Cir. 2006) (en banc)).  Whether or not the plan administrator labored under a conflict of interest is not contained in the administrative records and requires discovery prior to the parties filing for motion for summary judgment.

52. Pursuant to the coverage provided in the LTD Plan, to ERISA 29 U.S.C.§ 1132(a)(I)(B), and to applicable federal and state common law, Barajas is entitled to recover all benefits due under the terms of the LTD Plan and the Plan, and to enforce her rights under the terms of the LTD Plan and Plan.  Barajas is further entitled, under the terms of ERISA, 29 U.S.C. § I 132(a)(1)(B) and to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, to clarification in this action in this Court of her rights to future benefits under the LTD Plan and Plan.

53. Barajas is entitled to reinstatement of any other employee benefits, which were terminated, discontinued, or suspended as a result of the termination of her disability benefits.

54. Pursuant to 29 U.S.C. § 1132(g), Barajas is entitled to recover her attorney's fees and costs incurred herein from CIGNA, Life Insurance, and the Plan.

55. Barajas is entitled to prejudgment interest on the benefits to which she is entitled, and on her damages at the highest legal rate until paid.

WHEREFORE, Barajas prays for entry of judgment against Defendants as follows:

A. For all past and future benefits due Barajas under the terms of the LTD Plan and Plan;

B. Enforcing Barajas's rights under the terms of the LTD Plan and the Plan;

C. Clarifying and determining Barajas's rights to future benefits under the terms of

        the LTD Plan and the Plan;

D.     For an award of Barajas's attorney's fees and costs incurred herein;

E.     For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

F.     For such, other and further relief as the Court deems just and reasonable.

WHEREFORE Plaintiff, BARAJAS, prays for relief from Defendants for the payment of disability benefits, plus attorney's fees and costs and any other such further relief, as the Court deems proper.

RESPECTFULLY SUBMITTED  May 27, 2011.

                                             By     s/DAnaise

                                                David Anaise, M.D., J.D.
                                                Attorney for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.  Courtesy copy to be delivered _____, 2011, to:

United States District Court, District of Arizona
405 W. Congress, Suite 1500
Tucson, AZ 85701-2417

Copy of the foregoing served via certified mail with the summons and scheduling order (return receipt requested) on _____ to:

Attn:  Susan Wong-Bean
University Physicians, Inc.
2701 E. Elvira Rd.
Tucson, AZ 85706

Attn:  Gary Persons
Claim Appeals Lead
CIGNA Group Insurance
1640 Dallas Parkway
Plano, TX  75093

Life Insurance Company of North America, a CIGNA Company
Through:  AZ Dept. of Insurance
2910 North 44th Street, 2nd Floor
Phoenix, AZ  85018

s/ Pamela Moore de Gamboa
Asst. to Atty. David Anaise

G:\clientsP\Barajas, Anita\LTD documents\District Court\Barajas A ERISA Complaint  052611.docx